

**U.S. Department of Justice**

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 9, 2019

Jina Kim, Esq.
1851 East First Street
Suite 840
Santa Ana, CA 92708

Joseph Simons
1 International Place
Suite 1400
Boston, MA 02110

    Re:    <u>United States v. Addison Choi</u>
           Criminal No. Unassigned

Dear Attorneys Kim and Simons:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Addison Choi ("Defendant"), agree as follows:

    1.    <u>Change of Plea</u>

    Defendant will waive indictment and plead guilty to Count One of the Information: transmitting in interstate and foreign commerce a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). Defendant admits that he committed the crime specified in that count and is in fact guilty of it. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

    The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. § 2261A(2) based on the conduct underlying the crime charged in this case that is known to the U.S. Attorney at this time.

1

2. <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; and restitution.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 16:

- a) Defendant's base offense level is 12, because Defendant is not being convicted of an offense under 47 U.S.C. § 223(a)(1)(C), (D), or (E), and his offense involved a threat to injure people and property (USSG § 2A6.1(a)(1));

- b) Defendant's offense level is increased by 2, because Defendant's offense involved more than two threats (USSG § 2A6.1(b)(2)); and

- c) Defendant's offense level is increased by 5 because the offense alleged in the Information and the relevant conduct consist of threats to 45 separate victims, to each of whom Defendant sent more than two threats. Each set of threats to a unique victim constitutes a separate Group (USSG § 3D1.2(d)). Each Group counts as one Unit because each Group shares the offense level of 14 (USSG § 3D1.4(a)). Because the number of Units exceeds 5, Defendant's offense level is increased by 5 (USSG § 3D1.4 table).

- d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1(b)).

- e) Consequently, Defendant's total offense level under the USSG is 16.

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant does not clearly accept responsibility for the crime he is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) incarceration at the high end of the Guidelines sentencing range as calculated by the parties in Paragraph 3;

    b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) restitution to be calculated by the Court at sentencing.

Defendant may recommend any sentence to the Court, including probation.

5.    <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) He will not challenge his conviction, on direct appeal or in any other proceeding, including in a separate civil lawsuits.

    b) He will not challenge any prison sentence of 27 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 21 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
Timothy Moran
Director, Civil Rights Enforcement Team

_____
Scott L. Garland
Gregory J. Dorchak
Assistant U.S. Attorneys

Date: 5/28/2019

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily, because I am in fact guilty of the offense I am pleading guilty to, and I believe this Agreement is in my best interest.

_____
Addison Choi
Defendant

Date: 4/12/19

I certify that Addison Choi has read this Agreement and that we have discussed what it means. I believe Addison Choi understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Jina Kim
Attorney for Defendant

Date: 4/15/19

_____
Joseph Simons
Attorney for Defendant

Date: April 18, 2019

6